UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MERLE GRAHAM, : | |
| Plaintiff, : | |
| : | |
| v. : | 3:04CV949 (MRK) |
| : | |
| KOHL'S DEPARTMENT STORES, INC. : | |
| Defendant. : | |

## RULING AND ORDER

In this case, Plaintiff Merle Graham alleges she was injured when she slipped and fell on a wet floor near the entrance of Defendant Kohl's Department Stores, Inc.'s ("Kohl's") store in Hamden, Connecticut.  Defendant has moved for summary judgment.  For the reasons stated below, Defendant's Motion for Summary Judgment [**doc. #25**] is DENIED.

Summary judgment is appropriate when there is no dispute as to a genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party carries the burden of demonstrating that there is no genuine material dispute of fact.  *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 133 (2d Cir. 2000).  The Second Circuit has cautioned that "in determining whether a genuine issue has been raised, the inferences to be drawn from the underlying facts revealed in the affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Tomka v. Seiler*, 66 F.3d 1295, 1304 (2d Cir. 1995).

Defendant's principal argument in support of summary judgment is that there is no

evidence from which a reasonable juror could find that the Defendant had actual or constructive notice of wet conditions on the floor where Plaintiff slipped and fell.  As Defendant rightly points out, relevant case law in Connecticut places a heavy burden on a "slip and fall" plaintiff to demonstrate that a defendant had actual or constructive notice of the specific defect that led to the accident and "not merely of conditions naturally productive of that defect even though subsequently in fact producing it."  *LaFaive v. DiLoreto*, 2 Conn. App. 58, 60 (1984) (citation omitted).  In *Colombo v. Stop & Shop Supermarket Co.*, 67 Conn. App. 62 (2001), the Connecticut Appellate Court put it this way:

> The plaintiff [bears] the burden of proffering some evidence, either direct or circumstantial, from which the jury could infer that the defect she allegedly encountered existed for a length of time sufficient to put the defendant on actual or constructive notice of its existence.  In the absence of such evidence, we cannot permit a jury to reach such a conclusion on the basis of either speculation or conjecture.

*Id.* at 64 (citations omitted).

On a motion for summary judgment this Court must view all of the evidence and reasonable inferences in the light most favorable to Plaintiff.  Therefore, at this stage, the Court is not prepared to say that Defendant is entitled to judgment as a matter of law and that there are no material issues of disputed fact.  There is some evidence in the record of the following: (1) that there was a "wet floor" cone at the site where Plaintiff fell, *see* Smelley Dep. [doc. #30-4] at 28; and (2) that it had been raining on the day that Plaintiff fell, *see* Def.'s 56(a)(1) Stmt. [doc. #26-1] at ¶ 1.  Circumstantial evidence such as the foregoing could be sufficient to prove Defendant's constructive notice of the defect that led to Plaintiff's injuries.  *See Colombo*, 67 Conn. App. at 64; *Kurti v. Becker*, 54 Conn. App. 335, 338-39 (1999) ("It is settled that circumstantial evidence

can establish constructive notice.") (quotation and citation omitted).

Furthermore, Plaintiff and Defendant offer depositions of witnesses to Plaintiff's fall who take polar opposite positions on whether the floor in the vicinity of Plaintiff's fall was even wet at the time of Plaintiff's accident. *Compare* Def.'s 56(a)(1) Stmt. [doc. #26-1] at ¶ 6 ("[T]here is no evidence that the floor was wet . . . ."); *with* Graham Dep. [doc. #30-3] at ¶ 68-69 (noting that the floor "looked wet").  When, as in this case, the credibility of witnesses may be an important issue, such credibility issues are normally resolved by a jury based on the in-court testimony of witnesses, not by the Court as a matter of law based solely on affidavits and depositions.  *See, e.g.*, *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.").

Because of these genuine disputes as to material issues of fact, summary judgment is inappropriate.  Accordingly, Defendant's Motion for Summary Judgment [**doc. #25**] is DENIED. As a result of this ruling, Plaintiff's Motion to Strike [**doc. #28**], and Defendant's Motion for Permission To Extend Scheduling Order Deadlines for Filing Dispositive Motions [**doc. #33**] are DENIED AS MOOT.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated in New Haven, Connecticut: September 8, 2005.**